HOUSTON, Justice
(dissenting).
I dissent.
Although a great deal of conflicting evidence was presented to the trial court, Equitable established the following material facts to be undisputed: William E. Boone, a soliciting agent for Equitable, took an application for life insurance from Louis W. Graham. At the time that he took the application, Boone asked Graham whether he had smoked cigarettes within the preceding 12 months. Graham answered that he had not and Boone indicated that on the application. No one was present with Boone and Graham when the application was prepared. Graham, who had been a heavy smoker for years (two to three packs a day), had smoked up until two weeks preceding the date of the application, when his doctor had advised him to stop. A policy was later issued to Graham for a special premium reserved for non-smokers. Graham subsequently died of lung cancer, *357 and the plaintiff made a claim under the policy. Equitable rescinded the policy after discovering that the false representation had been made in the application and refunded the premium to the plaintiff, plus interest.
Because the undisputed facts in this case show that the insured fraudulently induced Equitable to issue the policy,[1] Equitable was entitled to rescind the policy and, thus, was entitled to a judgment as a matter of law. Ala.Code 1975, § 27-14-7.

. Although, as previously noted, a great deal of conflicting evidence was presented to the trial court, much of which concerned whether Boone was also guilty of making a false representation to Equitable concerning Graham's smoking, there is no evidence from which a jury could reasonably conclude that the insured did not make a false representation to Boone in response to a question concerning when he had last smoked. The plaintiff did introduce evidence tending to show that Boone had also prepared a similar application for life insurance for her son and that when he prepared that application, Boone had asked few, if any, questions, and had not asked whether her son had smoked during the preceding 12 months. However, it cannot be reasonably inferred from this evidence that, contrary to Boone’s testimony, Graham was not asked whether he had smoked within the 12 months preceding the date of the application and that he did not answer in the negative. No one was present with Boone and Graham when Graham’s application was prepared. The evidence presented by the plaintiff would merely require a jury to speculate as to whether Boone had taken the application from Graham in the same manner as he had taken the application from Graham’s son. A jury is simply not allowed to speculate.